# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSHULA T. OLIVER,

    Petitioner,

v.                                           Case No. 3:22-cv-603-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I.  Status**

Petitioner, Joshula T. Oliver, an inmate of the Florida penal system, initiated this action on May 31, 2022, with help from counsel, by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for manslaughter with a weapon for which he is serving a thirty-year term of incarceration. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 7 (Resp.).[1] Petitioner, through counsel, replied. See Doc. 9. For the reasons stated below, the Court

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

denies Respondents' request to dismiss this case as untimely and directs them to address the Petition on the merits.

**II.   One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims

2

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On February 14, 2013, following a jury trial, the trial court adjudicated Petitioner guilty and sentenced him to a thirty-year term of incarceration. Resp. Ex. 1. Petitioner appealed, and on January 29, 2015, the First District Court of Appeal issued a written opinion affirming Petitioner's judgment and sentence. Resp. Ex. 2. Because the First DCA issued a written opinion, Petitioner sought discretionary review with the Florida Supreme Court. Resp. Ex. 3; see Fla. R. App. P. 9.120(b); see also Florida Star v. B.J.F., 530 So. 2d 286 (Fla. 1988) (holding that the Florida Supreme Court has subject-matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion, even if the Florida Supreme Court ultimately denies a petition for discretionary review). While that request for review was still pending, on March 4, 2016, Petitioner filed with the trial court a motion under Florida Rule of Criminal Procedure 3.800(a). See

State v. Oliver, No. 16-2007-CF-16267 (Fla. 4th Cir. Ct.)[2]. The Florida Supreme Court then denied jurisdiction to consider Petitioner's request for discretionary review on May 25, 2016. Resp. Ex. 3. Petitioner's judgment and sentence became final ninety days later on August 23, 2016, when his time to seek review with the United States Supreme Court expired. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002) (finding that after the Florida Supreme Court denied discretionary review, the petitioner was entitled to the ninety-day window to seek a writ of certiorari with the United States Supreme Court). But, because Petitioner's Rule 3.800(a) motion remained pending, Petitioner's one-year remained tolled. And on August 5, 2016, Petitioner filed a second Rule 3.800(a) motion. Oliver, No. 16-2007-CF-16267.

The trial court denied both of Petitioner's Rule 3.800(a) motions on October 14, 2016. Id. Petitioner appealed, and on May 16, 2017, the First DCA issued a mandate affirming the trial court's October 14, 2016 order. See Oliver v. State, No. 1D16-5298 (Fla. 1st DCA May 16, 2017). With no other tolling motions pending, the next day, May 17, 2016, Petitioner's one-year statute of limitations finally began to run. His one-year ran for forty-four days until it was

---

[2] The Court takes judicial notice of Petitioner's state court dockets. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

4

tolled again on June 30, 2017, when Petitioner filed with the trial court his Florida Rule of Criminal Procedure 3.850 motion. Resp. Ex. 4.

Petitioner's one-year then remained tolled until his state court Rule 3.850 proceedings concluded on July 14, 2021, when the First DCA issued its mandate affirming the trial court's denial of the Rule 3.850 motion. Resp. Ex. 6. His one-year resumed running the next day, July 15, 2021, and it continued to run for another 320 days, until May 31, 2022, when Petitioner filed the Petition. See Doc. 1. In total, Petitioner's one-year limitations period ran for 364 days, and he filed the Petition with one day remaining on his statute of limitations.

Respondents contend that Petitioner filed the Petition one day late on day 366 of his one-year limitations period. Resp. at 4. In support of that argument, Respondents incorrectly state that Petitioner's one-year began to run on May 15, 2017, when they allege the First DCA issued its mandate resolving Petitioner's Rule 3.800(a) proceedings. Id. at 3. But a review of that state court docket shows that the First DCA issued its mandate on May 16, 2017. Oliver, No. 1D16-5298. And thus, Petitioner's one-year remained tolled until May 17, 2017, the day after the First DCA issued the mandate. See Fed. R. Civ. P. 6(a)(1)(A) (When computing a time period specified in the rule, "exclude the day of the event that triggers the period."). As such, the Court finds the Petition is timely filed, and Respondents' request to dismiss this action as untimely is due to be denied.

Accordingly, it is

**ORDERED**:

1. Respondents' "Answer/Motion to Dismiss Petition as Untimely" (Doc. 7) is **DENIED**. **On or before October 1, 2025**, Respondents shall file a response addressing the Petition on the merits.

2. After Respondents file a supplemental response, Petitioner, **within 60 days**, shall file a reply or notify the Court that he does not intend to file a reply, but rather will rely on his allegations and claims as stated in the Petition.

3. To afford the parties sufficient time to supplement the record, the Clerk shall **ADMINISTRATIVELY CLOSE** this case pending further order.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:   Joshula T. Oliver, #G14967
     counsel of record

6